Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------                                  Chapter 13
                                                                             Case No. 11-27818 NLW
In Re:
Karan Mahajan and Manika Gupta
---------------------------------------------------

## NOTICE OF MOTION FOR SANCTIONS

**TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that, a motion pursuant to Bankruptcy Rule 1017 and 362 will be made as set forth below:

| | |
|---|---|
| JUDGE: | Judge Novalyn L. Winfield |
| RETURN DATE AND TIME: | 09/08/2011 |
| PLACE: | U.S. Bankruptcy Court<br>50 Walnut St.<br>Newark, NJ 07102 |
| RELIEF REQUESTED: | A Judgment imposing sanctions and attorney fees against Chase |
| BASIS FOR RELIEF REQUESTED: | Bankruptcy Code §362 |

DATED: July 25, 2011
Mahwah, NJ

                           ___/s/_____
                               Shmuel Klein
                     Law Office of Shmuel Klein, PC

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------                                    Chapter 13
                                                                              Case No. 11-27818 NLW
In Re:
Karan Mahajan and Manika Gupta
--------------------------------------------------

### AFFIDAVIT IN SUPPORT OF MOTION FOR WILLFUL VIOLATION OF THE STAY

I, Manika Gupta, the debtor herein, duly sworn on my oath, states that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1.	This affidavit is in support of my motion for sanctions for willful violation of §362 of the Bankruptcy Code. My Chapter 13 case was filed on 06/10/2011 with all schedules statements and affairs and listing JP Morgan Chase. According to the Clerk of this Court, they received immediate notice of my filing.

2.	On July 14, 2011, JP Morgan Chase sent me a bill for $1,062.31. They requested payment and stated that the amount was past due.

3.	I received another bill in regards to another at JP Morgan Chase stating that $717.18 was past due and that I needed to make some payments. Curiously, they had full knowledge of my filing because they filed two proofs of claim on 7/21/2011 as claim #s 12 and 13.

4.	After I filed my petition, I called JP Morgan Chase and told them that I filed bankruptcy.

5.      JP Morgan Chase continued their relentless pursuit of the debt after they had notice. One of the reasons I filed this bankruptcy petition was to stop the collection efforts of JP Morgan Chase and to get a fresh start.

6.      There is no question that these violations are willful. They had actual knowledge of My Chapter 13 case was filed on 11/7/2006 with all schedules, See Exhibit "A" my filing and refused to abide by the directive. I am very upset because of their treatment of me, this Honorable Court.

WHEREFORE, it respectfully demanded that the Court impose a minimum of $10,000.00 for violation of 362 and an additional $10,000.00 for my attorney fees upon and as the Court may determine.

Dated: July 25, 2011

_____/s/_____
MANIKA GUPTA

Sworn to before me: July 22, 2011
_____/s/_____
Notary

## CERTIFICATE OF SERVICE

I, Shmuel Klein, an attorney admitted to practice in this court affirm under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I am associated with the Law Office of Shmuel Klein PC located at 113 Cedarhill Ave. Mahwah, New Jersey 07430 and I served the within Notice of Motion, Affirmations and Memorandum of Law on July 22, 2011, by ECF or depositing a true copy thereof in an post-paid wrapper to:

Chase Bank USA, N.A.
PO Box 15145
Wilmington, DE 19850-5145

Marie Ann Greenberg, Ch 13 Trustee

_____/s/_____
Shmuel Klein

Law Office of Shmuel Klein, PC
113 Cedarhill Ave.
Mahwah, NJ 07430
(201) 529-3411

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------                                    Chapter 13
                                                                              Case No. 11-27818 NLW
In Re:
Karan Mahajan and Manika Gupta
------------------------------------------

### BRIEF IN FURTHER SUPPORT OF MOTION FOR SANCTIONS

COMES NOW SHMUEL KLEIN, attorney for the Debtors, and submits this brief in further support of the motion for sanctions as follows:

Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws. "Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 505, 88 L. Ed. 2d 859, 106 S. Ct. 755 (1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all formal and informal actions against property of the bankruptcy estate. It is intended to "stop[] all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition . . . and formal service of process will not be required." 2 Collier on Bankruptcy para. 362.05 (15th ed.1988) Actions taken in violation of the automatic stay are void, even if the creditor had no notice of the stay. See Borman v. Raymark Indus., Inc., 946 F.2d 1051, 1055 (3d Cir. 1991) ("[T]he automatic stay was intended to apply to

actions that do not necessarily involve property of the estate."). In re Advent Corp., 24 Bankr. 612 (Bankr. 1st Cir. 1982) para. 362.05 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay."). The stay was enacted by Congress and applied consistently in this jurisdiction to protect the debtor by "allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others". Treasurer of Snohomish Co., Wash. v. Seattle First Nat'l Bank (In re Glasply Marine Indus.), 971 F.2d 391, 394-95 (9th Cir. 1992); In re Stringer, 847 F.2d at 551.

Where through an action an individual or entity would exercise control over property of the estate, that party must obtain advance relief from the automatic stay from the bankruptcy court. Carroll v. Tri-growth Centre City Ltd. (In re Carroll), 905 F.2d 1266, 1270-71 (9th Cir. 1990). The consequences of violating the automatic stay provisions of § 362(a) are set forth in 11 U.S.C. § 362(h), which provides that: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Chase had actual knowledge of not only the filing but also the fact that filed a claim in this case. The trouble is, they continued to send bills to the debtor in direct violation of the stay.

Sanctions for this egregious violation "shall" be imposed upon Chase pursuant to 362(h). They willfully violated the stay and must incur actual and punitive damages of not less than $10,000.00.

WHEREFORE, debtor respectfully demands that the Court find Chase in willful violation of the automatic stay, and enter judgment in the amount of $10,000.00 plus costs and attorney fees in the amount of $10,000.00 and for such other relief as the Court deems just and equitable.

Respectfully,

_____/s/_____
Shmuel Klein
Law Office of Shmuel Klein, PC